```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

| | | |
|---|---|---|
| LAWRENCE EDWARD BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:04-0410 |
| ANTHONY PRINCIPI, SECRETARY, | ) | JUDGE ECHOLS |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| UNITED STATES OF AMERICA, d/b/a | ) | |
| TENNESSEE VALLEY HEALTHCARE | ) | |
| SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons explained in the Memorandum entered contemporaneously herewith, the Court rules as follows:

**(1)** Defendant's Motion for Summary Judgment (Docket Entry No. 19) is hereby GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED because:

> **(a)** Plaintiff abandoned his Title VII wrongful termination claim as stated in Count One of the Complaint and Count One is hereby DISMISSED WITH PREJUDICE; and
>
> **(b)** with regard to Plaintiff's retaliation claim relating to the termination of his fee-basis appointment in December 2002, **(i)** Defendant offered a legitimate, non-discriminatory reason for the termination decision and Plaintiff failed to establish Defendant's reason was

1

a pretext for retaliation, and **(ii)** Plaintiff's filing of EEO Complaints in March and November 2003, after his termination in December 2002, could not provide a basis for Defendant to retaliate against Plaintiff in December 2002. Therefore, such retaliation claim relating to the termination of Plaintiff's fee basis appointment, as stated in Count Five of the Complaint, is hereby DISMISSED WITH PREJUDICE.

Defendant's Motion for Summary Judgment is DENIED on all other grounds raised.

**(2)** Defendant's Motion to Dismiss (Docket Entry No. 22) is hereby GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is GRANTED IN PART because:

**(a)** Plaintiff may not pursue a cause of action against the Defendant, a federal agency, under 42 U.S.C. § 1981;

**(b)** Plaintiff is not entitled to a jury trial or to compensatory, general, liquidated or consequential damages on his discrimination and retaliation claims brought against Defendant, a federal agency, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*;

**(c)** Plaintiff is not entitled to recover punitive damages against Defendant, a federal agency, on any of his claims under 42 U.S.C. § 1981a(b)(1); and

2

**(d)** Plaintiff is not entitled to recover attorney's fees under the ADEA against Defendant, a federal agency.

The Motion to Dismiss is DENIED IN PART because Plaintiff does have a private right of action under Title VI against the Defendant, a federal agency.

**(3)** In light of the Court's rulings in paragraph (2) above:

**(a)** Count Three of the Complaint, asserting a claim for racial discrimination under 42 U.S.C. § 1981, and that portion of Count Five referencing a claim of retaliation under 42 U.S.C. § 1981 are hereby DISMISSED WITH PREJUDICE; and

**(b)** Plaintiff's demand for punitive damages is stricken from the Complaint.

**(4)** Claims remaining for jury trial are: Count Two, alleging race and age discrimination under Title VI, and Count Five, alleging retaliation under Title VI and Title VII. The claim remaining for non-jury trial is Count Four, alleging age discrimination under the ADEA.

This case shall proceed to trial as previously scheduled on **Tuesday, September 6, 2005, at 9:00 a.m.** The final pretrial conference is scheduled for **Monday, July 25, 2005, at 1:00 p.m.**

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

1